Tony FORT, Appellant,

v.

James D. LEWIS, Appellee.

Court of Appeals of Kentucky.

April 29, 1983.

Robert L. Prince, Prince, Owen & Prince, Benton, for appellant.

David L. Harrington, Paducah, for appellee.

Before HAYES, MILLER and PAXTON, JJ.

MILLER, Judge.

This case involves a collision between two pleasure crafts on the Ohio River (navigable stream) in McCracken County, Kentucky. The McCracken Circuit Court has jurisdiction under the "saving to suitors" clause of Title 28 U.S.C. § 1333(1). The governing rules are those applicable to the general admiralty and maritime jurisdiction. *See Moragne v. United Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). The case was tried by the court without intervention of jury and the trial judge found both parties negligent and thereupon entered judgment for appellee (defendant) based upon the doctrine of "contributory negligence." Appellant brings this appeal contending his case (for property damage growing out of the boat collision) should have been considered upon the basis of "comparative negligence." We agree.

This case is one of maritime tort and as such, both substantive and procedural features of maritime law control. *See*

*Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953). *Pope & Talbot* involved personal injury and the basis of responsibility and resulting liability was that of "comparative negligence." The case at hand is for property damage. Prior to *United States v. Reliable Transfer Co., Inc.,* 421 U.S. 397, 398, 95 S.Ct. 1708, 1709, 44 L.Ed.2d 251 (1975), the rule in property damage cases was that of "divided damages." The total damage to property was assessed and allocated equally between the parties involved without regard to the relative responsibility of each in bringing about the loss. *Reliable Transfer* abolished the "divided damage" rule and adopted the "comparative negligence" rule as applied historically in personal injury cases. We will not go into the reasoning of the case as interested parties can read same, it being abundantly clear. Thus, the rule in our case is one of "comparative negligence."

We now comment on the confusion below. Maritime torts, although brought in state court pursuant to the "saving to suitors" statute [28 U.S.C. § 1333(1)] are nevertheless subject to the doctrine of comparative negligence. 2 Am.Jur.2d *Admiralty* § 187 (1962). *Cf. Moragne, Pope & Talbot,* and *Reliable Transfer, supra.* However, in cases of wrongful death under state law where admiralty jurisdiction was founded, the doctrine of contributory negligence available under state law was usually applied. 2 Am.Jur.2d *Admiralty* § 128 (1962). This exception was limited to "wrongful death" cases. Hence, the confusion in the lower court in relying upon *Johnson v. Westerfield's Adm'r.,* 143 Ky. 10, 135 S.W. 425 (1911), and *Monongahela River Consolidated Coal and Coke Co. v. Lancaster's Adm'r.,* 169 Ky. 24, 183 S.W. 258 (1916), both being wrongful death cases.

There is a reason for the exception in death cases. Before the case of *Moragne, supra,* there was no action for wrongful death under general maritime law. There were actions for death under specific statutes, such as the Jones Act, 46 U.S.C. § 688, Longshoremen's and Harbour Workers' Compensation Act, 33 U.S.C. § 901 et seq.,

and Death on the High Seas Act, 46 U.S.C. § 761 et seq.; but none of these statutes were so broad as to cover all cases of death arising upon navigable waters inside a state's boundaries. For example, a "pleasure boat death" arising from navigable waters within a state, was not covered by any specific statute creating a cause of action and there being no claim for wrongful death under general maritime law there would be no remedy. However, the "saving to suitors" clause of 28 U.S.C. § 1333(1) effectively adopted the wrongful death statutes of the various states to the extent that when a wrongful death occurred upon navigable waters within a state, the cause was permitted in admiralty under the state wrongful death statute. Those statutes included their various methods of determining liability usually upon a contributory negligence basis. We do not speculate as to the effect *Moragne* will have upon the practice of incorporating state wrongful death statutes into maritime jurisdiction, since that decision permits an action for wrongful death under general maritime law. Those problems are discussed in the opinion itself for those who are interested. Further, the foregoing is not essential to a determination of the case at hand but is offered as an explanation for the misplaced reliance upon the authority cited by appellee.

For the foregoing reasons, the decision of the lower court is reversed, and this cause is remanded with directions to determine liability based upon comparative negligence.

All concur.